

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WESLEY CHAPMAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　Respondent. | Cr. No. 90-1014GT<br>Cv. No. 05-1291GT<br><br>ORDER |

On June 24, 2005, Petitioner, James Wesley Chapman ("Mr. Chapman"), filed a second Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Chapman outlined issues he would present to the Court. However, Mr. Chapman requested an extension of time to file his supporting Memorandum of Points an Authorities. Essentially, Mr. Chapman argued that his sentence violated the law set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005). Mr. Chapman also argued that his sentence violates the new law as set forth in United States v. Booker, No. 04-104 and United States v. Fanfan, No. 04-105, 125 S. Ct. 738 (2005). The Court has fully considered this matter, including a review of Mr. Chapman's brief filed, the

authorities cited therein and the arguments presented. For the reasons stated below, Mr. Chapman's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

Mr. Chapman argued that he is entitled to relief under the new case law of United States v. Booker, No. 04-104 and United States v. Fanfan, No. 04-105, 125 S. Ct. 738 (2005). In essence, Mr. Chapman argues that he is entitled to retroactive relief under the new case of United States v. Booker, 125 S. Ct. 738 (2005). However, this argument is foreclosed by the recent Ninth Circuit opinion of United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005). In Cruz, the Ninth Circuit specifically held that Booker "is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication." United States v. Cruz, 423 F.3d at 1121. Since Mr. Chapman is collaterally attacking his sentence under Booker and that sentence was final before the publication of Booker, his argument is foreclosed by the Cruz case.

Mr. Chapman also argued that the penalties set forth in the Comprehensive Crime and Drug Abuse Prevention Act violates the Eighth Amendment. Additionally, Mr. Chapman argued that 21 U.S.C. § 841 violates the Fifth and Sixth Amendments. However, both the United States Supreme Court and the Ninth Circuit Court of Appeals have consistently held both to be constitutional.

Accordingly,

**IT IS ORDERED** that Mr. Chapman's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Chapman's request for an extension of time is **DENIED**.

**IT IS SO ORDERED.**

Sept. 9, 2008
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter     Petitioner